UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANG LIM JI,

    Plaintiff,

v.

TRAVIS PENNINGTON,

    Defendant.

Case No. 24-cv-04176-HSG

**ORDER TO SHOW CAUSE**

Petitioner, an inmate at California Institution for Men, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2020 conviction for first-degree murder in San Benito County Superior Court. Dkt. No. 1 at 5. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Background**

In 2020, Petitioner was convicted by a San Benito County jury of one count of first-degree murder, and sentenced to an indeterminate sentence of 25 years to life. Dkt. No. 1 at 5. On March

1  21, 2023, the state appellate court affirmed his conviction and sentence and also denied his state
2  habeas petition. On June 14, 2023, the California Supreme Court denied his petition for review
3  and his state habeas petition. Dkt. No. 1 at 6-8, 21-22. Petitioner filed this federal habeas petition
4  on or about July 11, 2024. *See generally* Dkt. No. 1.

**C.     Order to Show Cause**

The petition alleges the following claims for federal habeas relief: (1) insufficient evidence to support the first-degree murder conviction; (2) instructional error for instructing with CALCRIM No. 520 because it lessened the prosecution's burden of proof by instructing that Plaintiff had a duty to help his wife as she lay bleeding; (3) Petitioner was deprived of the effective assistance of counsel guaranteed by the Sixth Amendment when trial counsel Gregory LaForge and Arthur Cantu failed to move to suppress highly inflammatory condom evidence, failed to bring a Cal. Penal Code § 1118.1 motion for acquittal at the close of the People's case, promised the jury that Choi would admit to killing Yoon despite knowing that Choi would maintain her innocence and then telling the jury during closing argument that the promise had been fulfilled, failing to interview Choi before she testified, calling Choi to testify and adducing unimpeached testimony implicating Petitioner as the actual killer, adducing unimpeached testimony that Petitioner directed officers to Yoon's shallow grave, and failing to object to irrelevant and highly inflammatory evidence. Liberally construed, the petition states cognizable claims for federal habeas relief, and merits an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must liberally construe *pro se* habeas petitions).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.     The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, within **ninety-one**

**(91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim(s) found cognizable herein.  Respondent shall file with the answer and serve on Petitioner all documents that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated:   11/21/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

3